**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4221**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROGER CHARLES MENNER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:08-cr-00322-HEH-1)

Submitted: March 30, 2010        Decided: April 20, 2010

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig W. Sampson, BARNES & DIEHL, P.C., Chesterfield, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Alexandria, Virginia; John A. DiCicco, Acting Assistant Attorney General, Alan Hechtkopf, Mark S. Determan, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Charles Menner appeals his conviction for charges of filing a false tax return and impeding the administration of the Internal Revenue Code. On appeal, Menner argues that the district court denied him access to the counsel of his choice, thereby violating his Sixth Amendment rights. For the reasons that follow, we affirm.

In pre-trial proceedings in the district court, Menner requested that his chosen counsel, Oscar Stilley, be admitted *pro hac vice* to the Eastern District of Virginia without associating with local counsel as required by E.D. Va. Loc. Crim. R. 57.4. The district court denied the request to waive the association requirement, and denied Stilley's application to be admitted *pro hac vice* because it was not signed by local counsel. On appeal, Menner argues that the district court deprived him of his Sixth Amendment right to choose his own counsel by enforcing the association requirement of the local rules.

The Sixth Amendment affords a criminal defendant the right to retain counsel of his choosing. United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006). However, a defendant may not insist on representation by a person who is not a member of the bar. Id. at 151-52. Moreover, trial courts may

2

"establish criteria for admitting lawyers to argue before them."
Id. at 151.

Rules requiring foreign counsel to associate with local counsel before they may be admitted to the bar of a court have been consistently upheld. See In re Forfeiture Hearing as to Caplin & Drysdale, Chartered, 837 F.2d 637, 645 (4th Cir. 1989) (en banc) (citing Ford v. Israel, 701 F.2d 689, 692-93 (7th Cir. 1983)). The rule at issue here, E.D. Va. Loc. Crim. R. 57.4, is a reasonable means by which the district court may regulate the practioners who appear before it.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED